IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, § | | |
|     Plaintiff/Respondent, § | | |
| § | | |
| v. § | | Criminal No. 2:13-852 |
| § | | |
| BRYAN FELIPE CASTILLO, § | | |
|     Defendant/Movant. § | | |

**MEMORANDUM OPINION & ORDER**

Pending before the Court is Defendant/Movant Bryan Felipe Castillo's "Motion for Reconsideration to Correct or Reduce His Sentence Pursuant to 18 U.S.C. § 3582(c)(2) § Sec, 404, 401(A) Application of the Fair Sentencing Act" (D.E. 50).

**I. BACKGROUND**

In 2013, Movant pled guilty to possession with intent to distribute more than 50 grams of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). He was sentenced to 132 months' imprisonment, which was later reduced to 121 months pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines.

In 2018, Movant filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, claiming that he pled guilty to possession of a mixture of methamphetamine but was wrongly sentenced based on ICE,[1] which has a harsher sentencing penalty. By written Memorandum Opinion & Order and Final Judgment entered May 23, 2018, the Court denied Movant's motion as untimely and barred by procedure, explaining that Movant's complaints concerning the Court's interpretation of the Sentencing Guidelines should have been raised on appeal and not in a motion under § 2255. D.E. 48, 49.

---

1. ICE is a mixture or substance containing d-methamphetamine hydrochloride of at least 80% purity.

1

Movant's current motion purports to be a motion to reconsider a sentence reduction under § 3582(c)(2); however, the Court previously *granted* Movant's motion for a sentence reduction under § 3582 and Amendment 782. *See* D.E. 37, 39. Despite its title, Movant's current motion actually reasserts the claim raised in his § 2255 motion that the Court erred in calculating his sentence based on ICE.

## II. ANALYSIS

The Federal Rules of Civil Procedure are applicable to federal habeas practice "only to the extent that they are not inconsistent with any statutory provisions or these rules." Rule 12, Rules Governing Section 2255 Proceedings for the United States District Courts. Because the § 2255 Rules limit prisoners to a single § 2255 proceeding, a defendant bringing a Rule 60(b) motion may run afoul of the prohibition on second or successive habeas motions. *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). It is only when a Rule 60 motion attacks "some defect in the integrity of the federal habeas proceedings," that it does not raise a second or successive claim. *Id.* A Rule 60(b) motion that seeks to advance one or more substantive claims after denial of a habeas petition is properly classified as a second or successive petition requiring authorization from the Court of Appeals before filing. *Id.* at 531; *see also United States v. Hill*, 202 Fed. App'x 712, 713 (5th Cir. Oct. 13, 2006) (designated unpublished); *Fierro v. Johnson*, 197 F.3d 147, 151 (5th Cir. 1999).

Because Movant's motion to reconsider was filed after a previous § 2255 motion and reasserts the same substantive claim, his current motion is a second or successive motion. Movant's motion does not indicate that he has sought or obtained permission from the Fifth Circuit to file the present motion. Until he does so, this Court does not have jurisdiction over the motion. Accordingly, Movant's motion is denied as a second or successive § 2255 motion. *See*

*United States v. Orozco-Ramirez*, 211 F.3d 862, 869 (5th Cir. 2000) (district court properly dismissed second or successive claim).

### III.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although Movant has not yet filed a notice of appeal, the § 2255 Rules instruct the Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 RULES.

A certificate of appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84). As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

3

Based on the above standards, the Court concludes that Movant is not entitled to a COA on any of his claims.

## IV. CONCLUSION

For the foregoing reasons, the Movant's "Motion for Reconsideration to Correct or Reduce His Sentence Pursuant to 18 U.S.C. § 3582(c)(2) § Sec, 404, 401(A) Application of the Fair Sentencing Act" (D.E. 50) is **DENIED**. He is also **DENIED** a Certificate of Appealability.

It is so **ORDERED** this 10th day of January, 2019.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE